Villanueva-Ramirez v. Barr

BIA
Christensen, IJ
A206 798 204/205

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand nineteen.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

MARIA IDALIA VILLANUEVA-RAMIREZ,
AKA MARIA IDILIA VILLANUEVA-RAMIREZ,
JOSE ANDRES FRANCO-VILLANUEVA,
> *Petitioners,*

v.                                          18-23
                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:          Perham Makabi, Kew Gardens, NY.

FOR RESPONDENT:           Chad A. Readler, Acting Assistant
                          Attorney General; Terri J.
                          Scadron, Assistant Director; Lisa
                          Morinelli, Trial Attorney, Office
                          of Immigration Litigation, United
                          States Department of Justice,
                          Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Maria Idalia Villanueva-Ramirez and Jose Andres Franco-Villanueva, natives and citizens of Honduras, seek review of a December 7, 2017, decision of the BIA affirming a February 23, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Maria Idalia Villanueva-Ramirez, Jose Andres Franco-Villanueva,* Nos. A206 798 204/205 (B.I.A. Dec. 7, 2017), *aff'g* Nos. A206 798 204/205 (Immig. Ct. N.Y. City Feb. 23, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

The sole issue before us is whether Villanueva-Ramirez

satisfied her burden of proof for asylum and withholding of removal by establishing that the harassment she experienced and harm she fears in Honduras is on account of her membership in a cognizable social group, namely single women who belong to the campesino, or small farmer, community. We find no error in the agency's conclusion that she did not.

In order to demonstrate eligibility for asylum and withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 348 (BIA 2010). To constitute a particular social group, a group must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-74 (2d Cir. 2007).

Even assuming arguendo that Villanueva-Ramirez's proposed social group of single women who belong to the campesino community was cognizable and that she was a member

3

of such group, the agency did not err in concluding that she failed to demonstrate that her membership in that group was "one central reason" that she was targeted. 8 U.S.C. § 1158(b)(1)(B)(i). Villanueva-Ramirez testified that her harasser indicated a desire to be with her sexually and threatened to rape her if she did not consent, but she did not recount him saying anything that compelled the conclusion that he was motivated to target her, in part, based on her status as a single member of the campesino community. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *see also Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (requiring applicant to show nexus "through direct or circumstantial evidence").

Accordingly, because Villanueva-Ramirez failed to provide any evidence that her harasser targeted her on account of her membership in a cognizable social group, the agency did not err in finding that she failed to establish her eligibility for asylum or withholding of removal. See 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A).

For the foregoing reasons, the petition for review is DENIED. Villanueva-Ramirez's pending request for oral argument in this petition is DENIED in accordance with Federal

4

Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe
                              Clerk of Court